UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILSON EARL LOVE,

    *Plaintiff*,

vs.

STATE OF NEVADA, *et al.*,

    *Defendants*.

Case No. 2:14-cv-00709-JAD-VCF

**ORDER**

    This habeas matter comes before the Court for initial review.

    The papers presented are subject to multiple substantial defects.

    First, petitioner did not properly commence the action by filing a properly completed pauper application. Under Local Rule LSR 1-2, a petitioner must attach both a financial certificate executed by an authorized institutional officer and a statement of his inmate account statement for the prior six months. Petitioner did not sign the pauper application in addition to signing the verification; he submitted a blank financial certificate; and he did not attach an inmate account statement. Petitioner must fully complete and comply with all requirements of the pauper application form.

    Second, petitioner did not name a proper respondent. Petitioner – who is in custody in a county detention center rather than a state prison -- must name his immediate physical custodian as respondent in order to invoke the Court's habeas jurisdiction. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004). He instead named the State of Nevada. Petitioner may not bring a civil action in federal court directly against the State of Nevada because of the state sovereign immunity recognized by the Eleventh Amendment, regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Third, petitioner did not respond to all of the inquiries on the habeas petition form, instead leaving the pertinent pages blank. Under Local Rule LSR 3-1, petitioner must use the Court's required petition form. He must follow all instructions for the form and respond to all inquiries in the form.

Fourth, petitioner did not present any actual factual allegations stating a viable claim for relief in the petition. The only six lines of fragmentary text in Ground 1 state no claim for relief.

Fifth, there is no basis for federal habeas jurisdiction because the sentence long since has expired. Petitioner indicates that he is seeking to challenge an alleged February 28, 1997, conviction in Case No. C136024 in the Eighth Judicial District Court, State of Nevada. The online docket record of that court, to which petitioner refers in his petition, reflects that petitioner was convicted, pursuant to a jury verdict, of robbery and battery with substantial bodily harm. He was sentenced to 26 to 120 months for robbery and 12 to 36 months for the battery. The sentences ran consecutively, and petitioner was given 280 days credit for time served. Even if, *arguendo*, petitioner (who now is in local custody) was not paroled on either sentence and did not receive any further sentencing credit, the consecutive sentences would have fully expired years ago. A habeas petitioner is no longer in custody under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the filing of the federal petition. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 492 (1989); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Sixth, the petition is successive. The Court dismissed Love's prior petition challenging the same judgment of conviction in Case No. 3:03-cv-00466-DWH-RAM as untimely. Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. If a prior federal petition was dismissed as untimely, a subsequent federal petition challenging the same conviction is successive. *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009). The federal district court does not have jurisdiction over a successive petition.

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue in a promptly filed new action or otherwise cause substantial prejudice. The success of any *arguendo* viable argument directed to issues such as lack of

jurisdiction and the successiveness and untimeliness of a petition would not hinge upon the filing date of this improperly commenced action.

Nor will petitioner be prejudiced by a dismissal without prejudice without a grant of his motion for leave to amend. Petitioner moved at the same time as the submission of the original petition "for leave to amend his petition submitted recently," without any explanation. He stated that "[i]f so, I will need another § 2254 petition." Petitioner had a § 2254 petition form when he submitted the original petition. Significantly, there is no claim alleging any meaningful operative facts in the original petition. There thus is nothing in the original petition to which claims in an amended petition could relate back. Moreover, as alluded to above, it would take more than relation back to the filing date of this action to overcome the absence of jurisdiction and the successiveness and untimeliness of a federal petition.

**IT THEREFORE IS ORDERED** that all pending motions (Docs. 1 & 2) are **DENIED** without prejudice and that this action shall be **DISMISSED** without prejudice.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the multiple substantial defects presented and the absence of any substantial collateral prejudice to petitioner from the dismissal without prejudice.

The Clerk shall SEND petitioner two copies of the habeas petition and pauper forms along with one copy of the instructions for the forms and of the papers that he submitted herein.[1]

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

Dated: May 8, 2014.

_____
JENNIFER A. DORSEY
United States District Judge

---

[1] Nothing herein directs petitioner to file any particular action or proceeding. The Court simply is dismissing this improperly commenced action without prejudice. If petitioner does seek to pursue federal habeas relief in the district court hereafter, he at a minimum must properly commence the action by, *inter alia*, complying with all instructions and requirements for the pauper application. Petitioner can sustain no prejudice of substance from the dismissal of this improperly commenced action without prejudice, and further proceedings on the minimal papers presented by petitioner in this action would constitute an imprudent application of limited judicial resources.